**UNITED STATES of America, Plaintiff—Appellee,**

v.

**David Glenn WAITS, Defendant—Appellant.**

**No. 06–30434.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 11, 2008.

Filed July 14, 2008.

James N. Barkeley, Jo Ann Farrington, Esq., Assistant U.S., David A. Nesbett, Office of the U.S. Attorney, Anchorage, AK, for Plaintiff–Appellee.

Michael D. Dieni, Federal Public Defender's Office, Anchorage, AK, for Defendant–Appellant.

Before: TASHIMA, McKEOWN, and W. FLETCHER, Circuit Judges.

MEMORANDUM *

In 2005, David Waits's former roommate, Jesus Hernandez, brought the police to the room Waits rented month to month. Hernandez said that Waits had been drinking through the night, had a loaded gun, and was making Hernandez uncomfortable. The police accompanied Hernandez into the room without a warrant, where they found Waits sleeping next to a rifle, which they seized.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Waits subsequently pled guilty to being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1), a crime that carries a maximum sentence of ten years, *id.* § 924(a)(2). But Waits was sentenced to a mandatory fifteen-year-term pursuant to the Armed Career Criminal Act ("ACCA"), *id.* § 924(e), which applies to felons convicted of unlawfully possessing a firearm while having "three previous convictions" for "a violent felony." A "violent felony" is a crime punishable by more than a year in prison that "is burglary, ... or otherwise involves conduct that presents a serious potential risk of physical injury to another[.]" *Id.* § 924(e)(2)(B)(ii).

Waits appeals from the denial of his motion to suppress the rifle as the product of an unlawful search. He also appeals from the court's decision that two of his prior convictions qualified as violent felonies for purposes of the ACCA; he concedes that a third conviction for robbery does qualify. Waits also claims that he was entitled to a grand jury or petite jury to determine the existence of the predicate offenses, a claim this court has continued to reject, *United States v. Grisel*, 488 F.3d 844, 846–47 (9th Cir.2007) (en banc), as we do again.

We review de novo the district court's denial of a motion to suppress, and we can affirm "on any basis supported in the record." *United States v. Ruiz*, 428 F.3d 877, 880 (9th Cir.2005). We review de novo "the mixed question of law and fact" of "[w]hether a person has actual or apparent authority to consent to a search." *Id.* We also review de novo whether a defendant's prior convictions qualify as predicate felonies under the ACCA. *Grisel*, 488 F.3d at 846.

We affirm the district court's denial of Waits's motion to suppress because Hernandez had apparent authority to consent to the warrantless entry and search. *Illi-*

*nois v. Rodriguez*, 497 U.S. 177, 186–89, 110 S.Ct. 2793, 111 L.Ed.2d 148 (1990). A roommate generally has the authority to grant permission for a search. *Georgia v. Randolph*, 547 U.S. 103, 109, 126 S.Ct. 1515, 164 L.Ed.2d 208 (2006). The record indicates that the roommate relationship probably had ended by this point such that Hernandez did not have actual authority to consent to the search. But it was not objectively unreasonable for the officers to have believed that Hernandez was Waits's roommate. *See, e.g., Ruiz*, 428 F.3d at 880–82. Hernandez said he was Waits's roommate; gave the officers the impression that he had a key; brought the policemen to the door of the room; and knew that the door was unlocked. The officers saw that the room had two beds in it.

We follow a recent decision of this court holding that Waits's first-degree burglary convictions in Oregon do not categorically qualify as generic burglaries under 18 U.S.C. § 924(e)(2)(B)(ii). *United States v. Mayer*, 530 F.3d 1099, 1105–06 (9th Cir. 2008).

Waits's two Oregon convictions also do not constitute generic burglaries under the modified categorical approach provided in *Taylor v. United States*, 495 U.S. 575, 602, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). The indictment for his 1983 conviction stated that Waits committed the crime at a dwelling in a mobile park. A structure is not a "building or structure" under *Taylor*, 495 U.S. at 599, 110 S.Ct. 2143, if it is an impermanent structure such as a mobile home. *See Grisel*, 488 F.3d at 849, 851 n.. 5. Without more facts this conviction does not qualify as a predicate offense. In turn, the indictment for his 1989 conviction specified that Waits committed the crime in an apartment, which structure would fit within the *Taylor* definition. But the judgment of conviction only stated that Waits "pled guilty to burglary in the first de-

gree." Waits did not plead guilty "as charged in the indictment." Therefore, we do not know whether or not Waits in fact pled guilty to the burglary of an apartment or instead of some other structure. *See United States v. Vidal*, 504 F.3d 1072, 1076, 1087, 1089 (9th Cir.2007) (en banc). No qualifying document established the facts needed in "pleaded cases" in "States with nongeneric offenses." *Shepard v. United States*, 544 U.S. 13, 19–20, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005).

But Waits's 1983 and 1989 convictions nevertheless qualify as predicate offenses under the ACCA's residual clause. *See Mayer*, 530 F.3d at 1106–07 (applying *Begay v. United States*, —— U.S. ——, 128 S.Ct. 1581, 170 L.Ed.2d 490 (2008)). Therefore, the district court properly applied the ACCA's fifteen-year mandatory minimum.

AFFIRMED.